FILED
SUPERIOR COURT
OF GUAM

2019 FEB 13 AM 10: 25

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0706-18 |
| v. | |
| BK BILLIAS, | **DECISION AND ORDER DENYING DEFENDANT'S EX PARTE MOTION AND APPLICATION FOR BAIL REDETERMINATION** |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on January 4, 2019 for a hearing on Defendant BK Billias's ("Defendant") Ex Parte Motion and Application for Bail Redetermination under 8 GCA Section 40.50 for Release on Personal Recognizance[1] (the "Motion for Release"). Defendant was present and represented by Alternate Public Defender Ana Maria Gayle. Assistant Attorney General J. Basil O'Mallan, III appeared on behalf of the People of Guam (the "People"). Having heard the parties' oral arguments and reviewed the record and relevant law, the Court now issues this Decision and Order DENYING Defendant's Motion for Release pursuant to 8 GCA § 40.50(a) and sets forth in writing the reasons for requiring the conditions imposed.

//

---

[1] Initially, the Defendant's Motion and Application proposed release to third party custodians. However, as of January 4, 2019, Defendant's proposed third party custodians did not appear for interview/assessment at the Adult Probation Office. Therefore, the Court continued with the instant Motion as a Motion for Release on Personal Recognizance.

## Background

The Indictment alleges the following offenses: HOME INVASION (as a First Degree Felony) in violation of 9 GCA §§ 37.210(a) and 37.220(b); HOME INVASION (as a First Degree Felony) in violation of 9 GCA § 37.210(c); and ASSAULT ON A POLICE OFFICER (as a Third Degree Felony) in violation of 9 GCA §§ 19.30(a)(1) and (b). *See* Indictment (Dec. 4, 2018). The Defendant purportedly entered a residence in Dededo with intent to commit burglary. *Id.* The Indictment also alleged that the Defendant recklessly caused or attempted to cause bodily injury to a police officer while that officer was performing his official duties. *Id.*

The Defendant remains confined pending the posting of Ten Thousand Dollars ($10,000) cash bail. *See* Commitment Order (Nov. 26, 2018). Defendant moved for his release on personal recognizance or unsecured bond with proposed third party custodians as provided in the written Ex Parte Motion for Release. (Dec. 21, 2018). The People opposed the instant motion as set forth in the People's Opposition to Defendant's Motion Re: Bail (Jan. 2, 2019).

## Discussion

Guam law provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). The following factors guide the court in making such a determination:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    A. length of his/her residence on Guam;
    B. his/her employment status and history, and financial condition;
    C. his/her family ties and relationships;
    D. his/her reputation, character, and mental and physical condition;

E. his/her prior criminal record, if any, including any record of a prior release on recognizance or on bail;

F. his/her history relating to drug or alcohol abuse;

G. the identity of the reasonable members of the community who will vouch for his/her reliability;

H. whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of a sentence of an offense under federal, state or local law; and

I. his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; ...

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* However, "where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, *the judge shall impose the least onerous of condition*" provided in the statute. 8 GCA § 40.20 (emphasis added). If no single condition gives that assurance, the judge shall impose *the least onerous combination of conditions* provided in the statute. *Id.* (emphasis added).

## Analysis

Defendant correctly argues that pursuant to 8 GCA § 40.15(b), release on personal recognizance is mandatory unless such release will not reasonably assure the appearance of the Defendant as required or will endanger the safety of any other person or the community. However, pursuant to 8 GCA § 40.20, the Court may impose a combination of conditions if no single condition gives the assurance that Defendant will appear as required or Defendant's release on personal recognizance will endanger the safety of others.

Defendant posits he does not have the means to pay the Ten Thousand Dollars ($10,000) cash bail and now seeks release on personal recognizance or an unsecured bond. Defendant reasons he is a resident of Guam and has most of his family ties on Guam. Defendant also provides an address in the event the court grants his request for release.

The People oppose the instant Motion arguing that the Defendant is a danger to the victim and community. The People argue that the current case is the Defendant's second major felony charge in 2018. That the Defendant entered a guilty plea for another case on November 20, 2018 and five days later, the police arrested and charged Defendant for Home Invasion in the current case. The People additionally rely upon the circumstances of this case where the Defendant purportedly was inside the home of a young victim who had to crawl through her bedroom window to escape from the defendant.

The information currently before the Court does not give it sufficient assurance that the Defendant will abide by its future orders. A review of the Defendant's criminal history supports such a finding. At the time of the alleged incident, Defendant was on probation for CF0260-18. It is disconcerting to the Court that the instant case arose from an incident that allegedly occurred just five days after the court in CF0206-18 sentenced the Defendant to a term of three (3) years of probation. Further, providing a potential address, without offering custodial supervision is insufficient to assure the Court that the Defendant is not a flight risk or that the Defendant will comply with release conditions.

The Defendant's release on personal recognizance also concerns the court that the safety of the alleged victim and the community may be at risk. The nature of the offense charged suggests the Defendant poses a danger to the alleged victim and the community.

Accordingly, the Court finds that the Defendant's release on his own recognizance will not reasonably assure his appearance as required and will endanger the safety of the community. Based upon the information before the Court, the Court finds that the bail set by the Magistrate Judge is the least onerous condition. No evidence to the contrary has been offered by the Defendant to sufficiently establish that release without bail is appropriate. This ruling does not

preclude the Defendant from lodging an appropriate request with proposed third-party custodians. Indeed, the Court would encourage the Defendant to do so.

## Conclusion

For the reasons stated above, the Court hereby DENIES the Defendant's Motion for Release.

FEB 13 2019

**SO ORDERED** this _____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
DAOL 27 APD

Date: 2/13/19 Time: 10:30am

Deputy Clerk, Superior Court of Guam